## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

GLADIS CASTAÑEDA on her own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

LOS DOS POTRILLOS LLC,
LOS DOS POTRILLOS HIGHLANDS RANCH LLC,
LOS DOS POTRILLOS LITTLETON LLC,
LOS DOS POTRILLOS PARKER LLC,
LOS DOS POTRILLOS COCINA Y CANTINA – NORTHGLENN LLC,
LOS DOS POTRILLOS COCINA Y CANTINA – SOUTHLANDS LLC,
JOSE LUIS RAMIREZ,
LUIS RAMIREZ, and
DANIEL RAMIREZ,

      Defendants.

_____

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES AND RETALIATION
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages and Retaliation against the above-listed Defendants.

## STATEMENT OF THE CASE

1.　　Defendants employed Plaintiff and those similarly situated in Defendants' Mexican restaurants.

2.　　Defendants failed to pay their employees the required minimum wage by taking a tip credit against the minimum wage to which Defendants were not entitled, and by paying their employees sub-minimum wages for non-tipped work.

3.　　Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, because that Act requires employers to pay their employees at least the applicable minimum wage for all hours worked.

4.      Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, because the COMPS requires employers to pay their employees at least the applicable minimum wage for all hours worked.

5.      Defendants also committed theft when they took tips from their employees in violation of Colorado statutory law. C.R.S. §§ 18-4-401.

6.      And Defendants were unjustly enriched when they diverted a portion of their servers' tips to pay other employees' wages.

7.      Defendants also failed to pay their employees overtime wages for overtime hours worked when they incorrectly calculated the overtime rate their employees were due.

8.      Defendants thus violated the FLSA and the MWA as implemented by the COMPS which require employers to pay their employees overtime wages for overtime hours worked.

9.      Defendants also failed to provide their employees with rest periods during their shifts.

10.      Defendants thus violated the MWA as implemented by the COMPS which require employers to provide their employees with a ten-minute rest period for each four-hour work period. 7 C.C.R. 1103-1(5.2).

11.      Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

12.      Defendants also violated the anti-retaliation provisions of the FLSA (29 U.S.C. §

215(a)(3)), the CWCA (C.R.S. § 8-4-120), and the COMPS (7 CCR 1103-1(8.5)) and Colorado common law when they discriminated against and terminated Plaintiff for informing Defendants' customers of Defendants' tip-sharing policies.

13. Plaintiff seeks, on her own behalf and on behalf of all others similarly situated, actual and liquidated damages, compensatory damages, disgorgement, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

14. Plaintiff seeks, on her own behalf only, actual and liquidated damages, front pay, economic damages, compensatory damages, equitable relief and punitive damages for Defendants' willful and wanton violations of state and federal anti-retaliation law and Colorado common law.

## PARTIES, JURISDICTION, AND VENUE

15. Plaintiff Gladis Castañeda was employed by Defendants from approximately May, 2017 through approximately October 12, 2022. Plaintiff Castañeda's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

16. Los Dos Potrillos, LLC is a registered Colorado limited liability company with a principal street address of 8251-8257 South Holly Street, Centennial, CO 80122.

17. Los Dos Potrillos Castle Rock, LLC is a registered Colorado limited liability company with a principal street address of 7950 S. Lincoln Street, Suite 106, Littleton, CO 80122.

18. Los Dos Potrillos Highlands Ranch, LLC is a registered Colorado limited liability company with a principal street address of 35 West Springer Drive, Highlands Ranch, CO 80129.

19. Los Dos Potrillos Littleton, LLC is a registered Colorado limited liability company with a principal street address of 7950 S. Lincoln St. Ste. 106, Littleton, CO 80122.

20. Los Dos Potrillos Parker, LLC is a registered Colorado limited liability company with a principal street address of 19340 East Cottonwood Drive, Parker, CO 80138.

21. Los Dos Potrillos Cocina y Cantina – Northglenn, LLC is a registered Colorado limited liability company with a principal street address of 7950 S. Lincoln St. Ste. 106, Littleton, CO 80122-2713.

22. Los Dos Potrillos Cocina y Cantina – Southlands, LLC is a registered Colorado limited liability company with a principal street address of 7950 S. Lincoln St. Ste. 106, Littleton, CO 80122-2713.

23. Los Dos Potrillos Food Truck, LLC is a registered Colorado limited liability company with a principal street address of 7950 S. Lincoln St. Ste. 106, Littleton, CO 80122-2713.

24. Jose Luis Ramirez is an owner and manager of the enterprise made up by the Defendant Los Dos Potrillos entities.

25. Luis Ramirez is an owner and manager of the enterprise made up by the Defendant Los Dos Potrillos entities.

26. Daniel Ramirez is an owner and manager of the enterprise made up by the Defendant Los Dos Potrillos entities.

27. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

28. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the MWA, the COMPS, the CWCA, Colorado's Theft Statute, and Colorado common law. 28 U.S.C. § 1367.

29.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

30.    Defendants do and did employ Plaintiff and those similarly situated in Defendants' Mexican restaurants along the front range.

31.    Defendants made their employees share tips without informing Defendants' customers of the tip-sharing policy, retaliated against Plaintiff when she informed Defendants' customers of Defendants' tip-sharing policy, failed to pay their employees at least the Colorado minimum hourly wage, failed to pay them overtime wages for overtime hours worked, refused to provide them with a 10-minute rest periods, and failed to pay them all their earned, vested and determinable wages upon separate from employment.

32.    Defendants took a tip credit against their minimum wage obligations and paid Plaintiff and similarly-situated employees sub-minimum hourly wages. For example, in 2022, Defendants paid Plaintiff and others $9.54 per hour despite the Colorado minimum wage being set at $12.56. As part of their sub-minimum wage payment policy, Defendants required their servers to share their tips with other employees. Because Defendants failed to inform their customers of the tip-sharing policy, Defendants' payment of sub-minimum wages to their employees was unlawful.

33.    Defendants also paid their employees sub-minimum wages for substantial time spent performing work that did not directly support tipped work. For example, Defendants required servers to spend approximately 1.5 to 2 hours after every shift taking out the trash, cleaning bathrooms, dismantling and cleaning the "guacamole cart," cleaning, sweeping and mopping a portion of the kitchen, cleaning high chairs, and cleaning silverware, among other tasks. Because

these duties were continuous and exceeded one-half hour in duration, and because these duties did not directly support tipped work, Defendants' payment of sub-minimum wages for hours spent performing these duties was unlawful.

34.    Defendants subjected all their employees to whom they paid the tipped minimum wage to these same policies and practices of unlawful sub-minimum wage payment.

35.    Defendants also paid their tipped employees less than the required overtime rate for overtime hours worked. For example, during the two-week pay periods running from July 31, 2022 through August 6, 2022 and August 21, 2022 through August 27, 2022, Defendants paid Plaintiff only $14.31 per hour for each overtime hour worked, rather than the required $15.82 for each overtime hour.

36.    Defendants subjected all their employees to whom they paid the tipped minimum wage to the same policy and practice of failing to pay adequate overtime wages for overtime hours worked.

37.    Defendants also failed to provide Plaintiff and their other employees with compensated 10-minute break periods for each 4-hour work period.

38.    Defendants also committed theft of part of their servers' tips when they made their servers share a portion of their tips with other employees without informing their customers of the tip-sharing policy. For example, Defendants made Plaintiff share part of her tips, calculated at 5.25% of her daily sales, with bussers and bartenders while failing to provide customers with notice of this requirement on customers' receipts, on table tents, on the menu, on in any other manner.

39.    Defendants subjected all their server employees to the same policy and practice of stealing a portion of their tips.

40.     Defendants unjustly received a benefit when they diverted a portion of their servers' tips to pay the wages of other employees. Because Defendants' taking and diverting of a portion of their employees' tips was unlawful, it would be unjust for Defendants to retain the benefit of the diverted tips.

41.     Defendants subjected all their servers to the same policy and practice of unjustly taking and diverting a portion of their tips.

42.     Colorado law requires employers to inform their customers if the employer will divert a portion of a tip left for one employee to other employees. This requirement exists so that restaurant customers can make informed decisions about how much they would like to tip their servers. C.R.S. § 8-4-103(6). Defendants refused to inform their customers of their forced tip-sharing policy.

43.     Because Defendants failed to abide by their statutory duty to inform their customers that Defendants would divert a portion of the tips customers left for servers to other employees, Plaintiff informed Defendants' customers of Defendants' forced tip-sharing policy. Defendants retaliated against Plaintiff for exercising this important workplace right, and terminated her employment shortly after she informed Defendants' customers of the policy.

44.     Plaintiff suffered severe emotional distress as a result of being unlawfully terminated. For example, Plaintiff has suffered headaches, has had difficulty sleeping, has been fearful of seeking renewed employment, and has suffered anxiety and feelings of depression as a result of Defendants' unlawful act.

45.     Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

46.    Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

47.    Defendant Jose Luis Ramirez, at all material times, exercised operational control and financial control over the Los Dos Potrillos enterprise and exercised control over Los Dos Potrillos' employees' terms and conditions of employment.

48.    Defendant Luis Ramirez, at all material times, exercised operational control and financial control over the Los Dos Potrillos enterprise and exercised control over Los Dos Potrillos' employees' terms and conditions of employment.

49.    Defendant Daniel Ramirez, at all material times, exercised operational control and financial control over the Los Dos Potrillos enterprise and exercised control over Los Dos Potrillos' employees' terms and conditions of employment.

50.    Plaintiff hereby demands, on her own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FLSA CLAIMS

51.    Plaintiff brings her claims pursuant to the FLSA as a collective action, per 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

All employees who worked on or after January 19, 2020.

52.    The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA

provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

53.    All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding minimum and overtime wage payments.

## RULE 23 CLASS ALLEGATIONS AS TO THE COMPS CLAIMS

54.    Plaintiff asserts her claims the brought pursuant to the COMPS, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

55.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "COMPS Class" as follows:

    All employees who worked on or after January 19, 2017.

56.    This action is properly brought as a class action for the following reasons.

57.    Defendants failed to pay all their employees minimum and overtime wages and failed to provide their employees with 10-minute rest periods each 4-hour work period.

58.    The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 200-300 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

59.    Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees minimum wages, whether Defendants failed to pay their employees overtime wages for overtime hours worked,

and whether Defendants failed to provide their employees with 10-minute rest periods each 4-hour work period.

60.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and minimum wages and failing to provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policies of failing to pay overtime and minimum wages and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

62.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

63.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

64.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

65.      Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

66.      Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

67.      Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

68.      It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

69.      This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

70.      The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE CWCA CLAIMS

71.      Plaintiff asserts her claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

72.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

> All separated employees who worked on or after January 19, 2020.

73.     This action is properly brought as a class action for the following reasons.

74.     Defendants failed to pay all their separated hourly employees all earned, vested and determinable wages upon their separation.

75.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

76.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their separated employees all earned, vested and determinable wages upon their separation from employment, whether Defendants received a written demand for wages due to all separated employees, and whether Defendants tendered any monies in response to that demand.

77.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due upon employees' separation from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of failing to pay all wages due

was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

78. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

79. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

80. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

81. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

82. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

83. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

84.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

85.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

86.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

87.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE CIVL THEFT CLAIMS

88.     Plaintiff asserts her claim, brought under the Colorado Theft Statute, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

89.      Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Tip Theft Class" as follows:

All servers who worked on or after January 19, 2021.

90.     This action is properly brought as a class action for the following reasons.

91.     Defendants diverted tips from all their servers.

92.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is

within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

93.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants obtained, retained and/or exercised control over their tipped employees' tips and whether Defendants intended to permanently deprive their tipped employees of those tips.

94.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer taking its employees' tips. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of taking tips from its employees was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

95.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

96.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

97.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

98.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

99.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the Colorado Theft Statute counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

100.    Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

101.    Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

102.    It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

103.    This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

104.    The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were

employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE UNJUST ENRICHMENT

105.    Plaintiff asserts her claim, brought pursuant Colorado unjust enrichment law, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

106.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Unjust Enrichment Class" as follows:

All tipped employees who worked on or after January 19, 2020.

107.    This action is properly brought as a class action for the following reasons.

108.    Defendants stole tips from all their tipped employees and retained the benefit of those stolen tips.

109.    The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 150-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

110.    Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants received the benefit of a portion of their tipped employees' tips at those employees' expense, and whether Defendants' retention of such benefit would be unjust.

111.    The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer taking its employees' tips. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of taking and retaining a portion of its employees' tips was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

112.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

113.    The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

114.    The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

115.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

116.    Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad

remedial purpose of the Colorado unjust enrichment law counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

117.    Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

118.    Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

119.    It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

120.    This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

121.    The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Minimum Wages and Overtime Premiums<br>Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

122.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

123.    Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

124.    Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

125.    Defendants "employed" the Plaintiff and others as that term is defined by the FLSA.

29 U.S.C. § 203(g).

126.     Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

127.     Defendants violated the FLSA when they refused to pay Plaintiff and others minimum wages and overtime premiums.  29 U.S.C. § 207.

128.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

129.     Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

130.     Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Minimum Wages and Overtime Premiums and Failure to Provide Rest Periods
### Violation of the COMPS (7 CCR 1103-1)

131.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

132.     As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

133.     Defendants were Plaintiff's and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

134.     Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

135.     Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(A).

136.     Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff

and others minimum wages. 7 CCR 1103-1(3.1).

137.    Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

138.    Defendants violated the COMPS (and the MWOs) when they failed to provide Plaintiff and others with 10-minute rest periods for each 4-hour period worked. 7 CCR 1103-1(5.2).

139.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

140.    Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

141.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

142.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

143.    Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

144.    Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

145.    Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

146.    Defendant incurred penalties under the CWCA if they failed to tender wages due

within 14 days of receipt of Plaintiff's demand for all wages due. C.R.S. § 8-4-109.

147.    As a result, Plaintiff and others suffered lost wages and lost use of those wages in an

amount to be determined at trial.

148.    Plaintiff and others are entitled to recover in a civil action all earned and vested

wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109;

C.R.S. § 8-4-110.

### FOURTH CLAIM - Stolen Tips
### Violation of Colorado's Theft Statute (C.R.S. §§ 18-4-401 *et seq.*)

149.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

150.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all

those similarly situated pursuant to Fed. R. Civ. P. 23.

151.    By making their servers share their tips with other employees and by failing to inform

their customers of the requirement, Defendants knowingly obtained, retained and/or exercised

control over a thing of value without authorization and/or by threat or deception and intended to

and did permanently deprive their employees of the tips by using those monies to pay their other

employees.

152.    Plaintiff and those similarly situated are therefore each entitled to the following

pursuant to Colo. Rev. Stat. § 18-4-405: (i) $200 or three times the amount of actual damages

sustained, whichever is greater; (ii) reasonable attorney's fees and costs; and (iii) other relief as

allowed by law.

### FIFTH CLAIM – Stolen Tips
### Violation of Colorado Unjust Enrichment Law

153.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

154.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all

those similarly situated pursuant to Fed. R. Civ. P. 23.

155.    Defendants received the benefit of a portion of its tipped employees' tips at those employees' expense and Defendants' retention of the stolen tips would be unjust.

156.    Plaintiff and others have suffered lost tips and lost use of those tips in an amount to be determined at trial.

157.    Plaintiff and others are entitled to compensatory damages, including the disgorgement of their tips from Defendants.

158.    Plaintiff and others are entitled to such additional legal or equitable relief as may be appropriate.

## SIXTH CLAIM – Unlawful Retaliation
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

159.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

160.    Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

161.    Defendants "employed" the Plaintiff as that term is defined by the FLSA.  29 U.S.C. § 203(g).

162.    Defendants were Plaintiff's "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

163.    Plaintiff engaged in activity protected by the anti-retaliation provisions of the FLSA. 29 U.S.C. §215(a)(3).

164.    Defendants violated the FLSA when they terminated her employment for informing Defendants' customers of Defendants' tip-sharing policy.

165.    Defendants' violations of the FLSA were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

166.    Defendants engaged in outrageous conduct.

167.    Plaintiff is entitled to recover lost wages, punitive damages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

168.    Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3).  29 U.S.C. 216(b).

**SEVENTH CLAIM – Unlawful Retaliation**
**Violation of the COMPS, 7 CCR 1103-1**

169.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

170.    Defendants were Plaintiff's "employers" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

171.    Plaintiff was Defendants' "employee" as that term is defined by the COMPS because she performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

172.    Defendants violated the COMPS when they terminated her employment for informing Defendants' customers of Defendants' tip-sharing policy.

173.    Defendants' violations of the COMPS were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

174.    Defendants engaged in outrageous conduct.

175.    Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees and costs of suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

**EIGHTH CLAIM – Unlawful Retaliation**
**Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)**

176.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

177.    Defendants were Plaintiff's "employers" as that term is defined by the CWCA because they employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

178.    Plaintiff was Defendants' "employee" as that term is defined by the CWCA because

she performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

179.    Defendants violated the CWCA when they terminated her employment for informing Defendants' customers of Defendants' tip-sharing policy.

180.    Defendants' violations of the CWCA were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

181.    Defendants engaged in outrageous conduct.

182.    Plaintiff is entitled to back pay, front pay, reinstatement, compensatory damages, interest, penalties, liquidated damages, punitive damages, injunctive relief and attorney fees and costs. C.R.S. § 8-4-120.

### NINTH CLAIM – Unlawful Termination
### Wrongful Discharge in Violation of Public Policy

183.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

184.    During the course of her employment, Plaintiff exercised a statutory, regulatory, or rule-based right relating to public health or welfare, or performed a public duty relating to her basic responsibilities as a citizen, or exercised an important job-related right or privilege because she reasonably believed she had a right to do so, as described herein.

185.    Plaintiff reasonably and in good faith believed that Defendants' actions violated statutory or regulatory law and clearly expressed public policies, as described herein.

186.    Defendants were aware or reasonably should have been aware that Plaintiff's actions were based on her reasonable belief that the conduct she opposed was in derogation of clearly expressed public policy and that her conduct was in conformity with such public policy.

187.    Defendants terminated Plaintiff wholly or in part because of her objections to and/or refusal to participate in Defendants' acts, which were in derogation of the above statutes, rules and clearly expressed public policy, and because she engaged in conduct that was consistent with

and encouraged by this and other public policy.

188.    Defendants' conduct was willful and wanton and attended by circumstances of malice and reckless disregard for the rights of Plaintiff.

189.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant injuries, damages, and losses.

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

    a.  This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b.  She and the FLSA Collective members be awarded unpaid minimum wages and overtime premiums;

    c.  She and the FLSA Collective members be awarded liquidated damages as required by law;

    d.  She and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

    e.  She and the FLSA Collective members be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f.  She and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

    a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.  She be certified as the class representative of the COMPS Class;

    c.  Undersigned counsel be appointed Rule 23 class counsel;

    d.  Prompt notice of this litigation be sent to all putative COMPS Class members;

    e.  She and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18);

f.  She be awarded a service award in recognition of her work as representative of the COMPS Class; and

g.  She and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the CWCA Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative CWCA Class members;

e.  She and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

f.  She and the CWCA Class members be awarded statutory penalties per C.R.S. § 8-4-109;

g.  She and the CWCA Class members be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

h.  She be awarded a service award in recognition of her work as representative of the CWCA Class; and

i.  She and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FOURTH CLAIM, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the Tip Theft Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative Tip Theft Class members;

e.  She and the Tip Theft Class be awarded the greater of $200 or three times the amount of actual damages for each theft, together with attorney fees and costs of suit. C.R.S. § 18-4-405;

f.  She be awarded a service award in recognition of her work as representative of

the Tip Theft Class; and

g.  She and the Tip Theft Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FIFTH CLAIM, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the Unjust Enrichment Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative Unjust Enrichment Class members;

e.  She and the Unjust Enrichment Class be awarded disgorgement of the tips Defendants took from them;

f.  She be awarded a service award in recognition of her work as representative of the Unjust Enrichment Class; and

g.  She and the Unjust Enrichment Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SIXTH CLAIM, that:

a.  She be awarded lost wages, punitive damages, liquidated damages, attorney fees and costs. 29 U.S. C. §216(b); and

b.  She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3).  29 U.S.C. 216(b).

And, as to her SEVENTH CLAIM, that:

a.  She be awarded lost wages, punitive damages, attorney fees and costs.    7 CCR 1103-1(8.5); and

b.  She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of Section 8.5.

And, as to her EIGHTH CLAIM, that:

a.  She be awarded back pay;

b.  She be awarded Reinstatement of employment or, if reinstatement is not feasible, front pay;

    c.   She be awarded the payment of wages unlawfully withheld;

    d.   She be awarded interest on unpaid wages at a rate of twelve percent per annum from the date the wages were first due;

    e.   She be awarded the payment of a penalty of fifty dollars per day for each day that the violation occurred or continued;

    f.   She be awarded liquidated damages in an amount equal to the greater of two times the amount of the unpaid wages or two thousand dollars;

    g.   She be awarded punitive damages;

    h.   She be awarded attorney fees and costs; and

    i.   She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of C.R.S. § 8-4-120.

And, as to her NINTH CLAIM, that:

    a.   She be awarded appropriate equitable relief including declaratory and injunctive remedies, and front pay;

    b.   She be awarded actual economic damages as established at trial;

    c.   She be awarded compensatory damages, including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment, and other nonpecuniary losses;

    d.   She be awarded punitive/exemplary damages[1] in an amount to be determined at trial;

    e.   She be awarded pre-judgment and post-judgment interest at the highest lawful rate; and

    f.   She be awarded such legal or equitable relief as may be appropriate.

---

[1] Given the circumstances of malice and willful and wanton conduct surrounding Defendants' and their agents' treatment of Plaintiff, Plaintiff anticipates seeking leave to amend the Complaint to seek punitive damages for Defendant's conduct once Plaintiff has established *prima facie* proof of a triable issue of punitive damages in due course.

Respectfully submitted this 19th day of January, 2023 by:

s/ Brandt Milstein
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*