# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-00162-DDD-SBP

GLADIS CASTAÑEDA on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

LOS DOS POTRILLOS LLC,
LOS DOS POTRILLOS HIGHLANDS RANCH LLC,
LOS DOS POTRILLOS LITTLETON LLC,
LOS DOS POTRILLOS PARKER LLC,
LOS DOS POTRILLOS COCINA Y CANTINA – NORTHGLENN LLC,
LOS DOS POTRILLOS COCINA Y CANTINA – SOUTHLANDS LLC,
JOSE LUIS RAMIREZ,
LUIS RAMIREZ, and
DANIEL RAMIREZ,

    Defendants.

---

## JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

---

Plaintiff and Defendants (the "parties") submit this Joint Motion to request that - following the Final Fairness Hearing scheduled for April 22, 2025 at 1:30 p.m. - the Court grant final certification to their stipulated Fair Labor Standards Act ("FLSA") collective action and grant final certification to their stipulated Rule 23 Class Action. The parties also request that the Court grant final approval to their Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) and the FLSA (29 U.S.C. §§ 201 *et seq.*).

**Procedural Background**

On October 4, 2024, the parties submitted their Joint Motion for Preliminary Approval of Collective and Class Action Settlement. ECF No. 57.[1] In its Order dated October 18, 2024, the Court found that "(1) the settlement was honestly and fairly negotiated and not the product of collusion; (2) serious questions of law and fact exist that render the ultimate outcome of the litigation uncertain; (3) the value of the immediate recovery outweighs the possibility of relief in future litigation; and (4) in the judgment of the parties the settlement is fair and reasonable." ECF No. 59, pp. 1-2. Based on these findings, the Court preliminarily ruled that the parties' Settlement Agreement "is fair and reasonable for the purposes of the Fair Labor Standards Act ("FLSA") and Fed. R. Civ. P. 23." *Id.,* p. 2.

The Court also appointed The CPT Group as Class Administrator, appointed attorney Brandt Milstein as Class Counsel, and appointed Plaintiff Gladis Castañeda as Class Representative. *Id.* The Court directed the parties to disseminate, *in seriatim,* FLSA and Rule 23 notices to the potential Class Members, in the form submitted by the parties along with their Joint Motion*,* set a 45-day deadlines for FLSA potential collective members to opt-in to the case, and set a 45-day deadline for Rule 23 Class Members to opt-out of or object to the parties' Settlement Agreement. *Id.* The Court also set a Final Fairness Hearing for February 18, 2025, which setting was later, at the parties' request, re-set to April 22, 2025 to accommodate the Agreement's opt-in, opt-out and objections deadlines. ECF No. 65.

---

[1] On the same date, Plaintiff submitted her Motion for Attorney Fee. ECF No. 58. In its Order dated October 18, 2024, the Court granted the Motion, finding that "the factors enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) are satisfied in favor of finding that the 33% of the common fund fee award sought is reasonable." ECF No. 60.

To facilitate the parties' settlement, and at the parties' request, the Court conditionally certified an FLSA collective action defined as: "All Los Dos Potrillos hourly employees from January 19, 2020 through April 8, 2024" and preliminarily certified a Fed. R. Civ. P. 23 Class Action defined as: "All Los Dos Potrillos hourly employees from January 19, 2017 through April 8, 2024." ECF No. 59, p. 2. The parties now seek final certification of their Rule 23 class and FLSA collective actions, and respectfully request final approval of their Settlement Agreement as fair and reasonable for the purposes of Fed. R. Civ. P. 23 and the FLSA.

### I. The Court Should Grant Final Certification to the Stipulated FLSA Collective Action.

Courts apply a "two-tiered" (two-stage) approach to certification of FLSA collective actions. *See Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001). The Court has preliminarily certified (the "first stage") a collective action. ECF No. 59, Order ("upon the showings made in the Joint Motion, the Court conditionally certifies an FLSA collective action defined as: "All Los Dos Potrillos hourly employees from January 19, 2020 through April 8, 2024."). The parties now request final certification of the collective action under the "second stage" analysis set forth in *Thiessen*, 267 F.3d at 1103. *See, Herring v. Thunder Ridge Trucking & Filtration, Inc.*, Civil Action No.15-cv-00062-RM-KLM, 2016 WL 7868819, at *2 (D. Colo. May 24, 2016) (declining to approve final FLSA certification where parties failed to address *Thiessen* factors).

In the second stage analysis, courts consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Thiessen*, 267 F.3d at 1103. Starting with the first consideration, in the complaint, Plaintiff alleges, and Defendants do not contest for the purposes of settlement, that Defendants' employees all worked as hourly

3

restaurant laborers, were all subject to the same terms and conditions of employment, and were all subject to the same alleged FLSA violations. ECF No. 1. Next, the parties state that, for the purposes of settlement, Defendants do not assert defenses to liability that would be individualized to any member of the collective. Rather, Defendants stipulate to the final certification of the FLSA collective action. Finally, litigating and settling the 937 potential FLSA members' relatively small claims in one action is fair and procedurally efficient for all concerned. Accordingly, the Court should find that final certification of the FLSA collective action is warranted.

## II. The Court Should Grant Final Certification to the Stipulated Rule 23 Class Action.

In determining whether to approve final certification of a settlement class, the Court must consider whether the requirements of Rule 23(a) are satisfied and, if so, whether the movant has also satisfied one of the conditions under Rule 23(b). *Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). This is the same standard applied at the preliminary certification stage. *Cordova-Gonzalez v. TW Lath-N-Stucco, Inc.,* 21-CV-01617-CMA-MDB, 2023 WL 1767242, at *4 (D. Colo. Feb. 3, 2023)("…the circumstances leading to preliminary certification, remain the same. Consistent with its findings in the Preliminary Approval Order, the Court finds the class satisfies the requirements for final certification.").

The parties reference here without repeating their arguments as to each Rule 23 factor in their Joint Motion for Preliminary Approval. *See* ECF No. 57 pp. 7-11, <u>Joint Motion for Preliminary Approval of Collective and Class Action Settlement</u>. Based on the showings in that Motion, and the Court's findings in its Preliminary Approval Order, the Court should grant final certification to the Rule 23 Class.[2]

---

[2] Certification of the Rule 23 Class Action also supports final certification of the FLSA collective action. *German v. Holtzman Enterprises, Inc*., 19-CV-03540-PAB-STV, 2024 WL 809898, at *3 (D. Colo. Feb. 27, 2024) ("Where plaintiffs seek certification of both a Rule 23 class and a FLSA collective, courts have found that certification of an

4

**III.    The Settlement is Fair and Reasonable for the Purposes of Fed. R. Civ. P. 23.**

The settlement of a Class Action may be approved where the Court finds that the settlement is fair, reasonable, and adequate. *Rutter & Wilbanks Corp. v. Shell Oil*, 314 F.3d 1180, 1186 (10th Cir.2002). Courts review proposed Class Action settlements by considering four factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir.1993).

These are the same factors discussed in the parties' preliminary approval motion. In that motion, the parties made showings as to each approval factor. ECF No. 57, pp. 12-14 <u>Joint Motion for Preliminary Approval of Collective and Class Action Settlement</u>. Based on those showings, the Court found that "(1) the settlement was honestly and fairly negotiated and not the product of collusion; (2) serious questions of law and fact exist that render the ultimate outcome of the litigation uncertain; (3) the value of the immediate recovery outweighs the possibility of relief in future litigation; and (4) in the judgment of the parties the settlement is fair and reasonable." ECF No. 59. For the same reasons, the Court should now grant final approval to the Settlement for the purposes of Fed. R. Civ. P. 23(e).

---

FLSA settlement collective is appropriate where the plaintiffs have satisfied the conditions required to certify a Rule 23 class because there is significant overlap between what is required for certification of a class under Rule 23 and what is required for certification of a FLSA collective.") (collecting cases).

### IV. The Settlement is Fair and Reasonable for the Purposes of the Fair Labor Standards Act.

"[I]n determining whether to approve a FLSA settlement, this Court considers whether (1) the FLSA settlement is reached as a result of a bona fide dispute, (2) the settlement is fair and equitable to all parties, and (3) the settlement contains a reasonable award of attorney's fees. *Herring*, 2016 WL 7868819, at *2. The parties argued for preliminary approval of their Agreement under the same standard in their Joint Motion for Preliminary Approval of Collective and Class Action Settlement. *See* ECF No. 57 pp. 14-18. And it was under this standard that the Court preliminarily approved the parties' Settlement for the purposes of the FLSA. ECF No. 59 p. 2, Order ("[T]he Court preliminarily rules that the Parties' agreement is fair and reasonable for the purposes of the Fair Labor Standards Act ("FLSA") and Fed. R. Civ. P. 23."). The circumstances that led to preliminary approval remain the same at this final stage of the proceedings. *See, Cordova-Gonzalez*, 2023 WL 1767242, at *4 (D. Colo. Feb. 3, 2023). The Court should grant final approval of the Settlement as fair and reasonable for the purposes of the FLSA.

### V. The Notices Issued Comport with the Due Process Requirements of Fed. R. Civ. P. 23 and the FLSA.

To attain final approval of a Class Action settlement, Rule 23 requires that "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" be disseminated to Class Members. Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the

6

time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

Similarly, FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (discussing the FLSA's collective action procedure). These requirements are co-extensive with constitutional due process requirements of class and collective actions. *Fager v. CenturyLink Communications, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016) ("Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

On January 15, 2025, pursuant to the Court's preliminary approval Order, the Class Administrator distributed the Court-approved FLSA notice, in English and Spanish, by First Class U.S. Mail and via email message to the last known mailing[3] and email addresses of the 937 potential FLSA collective action members. Ex. 1, Declaration of Jennifer Forst, ¶¶ 4, 6, 8. The FLSA notice informed potential FLSA opt-in Plaintiffs of the nature and pendency of the action, and of their right to join the action if they so desired. Ex. A to Ex. 1, FLSA Notice Packet.

After the first mailing and emailing, 111 FLSA notice packets were returned by the post office as undeliverable, and 61 emailed notice packets were "bounced back" to the Administrator. Ex. 1, Declaration of Jennifer Forst, ¶¶ 8, 9. The Administrator was able to locate 92 new mailing addresses via skip tracing and through Class Member and Counsel requests. *Id.* ¶ 9. Accounting

---

[3] Prior to the mailing, the Class Administrator checked and updated the produced addresses through the National Change of Address system. Ex. 1, Declaration of Jennifer Forst, ¶ 7.

for emailed and mailed FLSA notices, only 9 of the 937 potential FLSA members did not receive a notice packet, representing a 99.04% successful delivery rate. *Id.* ¶ 10.

The FLSA opt-in period closed on March 1, 2025. Ninety-nine (99) potential FLSA collective action members elected to join the action, representing a 10.57% participation rate within the FLSA collective action. *Id.* ¶ 14.

After the close of the FLSA opt-in period, the Class Administrator mailed and emailed the Court-approved Rule 23 settlement notice, in English and Spanish, to 1349 putative Rule 23 Class Members on March 4, 2025. *Id.* ¶¶ 4, 6, 11; *see also* Ex. B to Ex. 1, Rule 23 Notice Packet.

The Rule 23 notice informed the putative Class Members of the nature of the action, including the claims and defenses at issue, the definition of the Class at issue, the Class Members' right to bring their own lawsuit, and the binding effect of the Settlement on Members who choose not to opt-out. Ex. B to Ex. 1, Rule 23 Notice Packet, §§ 1, 3, 6, 7. The notice also informed Members of the terms of the Settlement Agreement, including the $15,000.00 service award to the named Plaintiff, the share of retaliation damages in the net fund, counsel's attorney fee, and each Class Member's individual recovery prior to tax withholdings. *Id.* §§ 4, 5. The notice further informed the Class Members of their right to opt-out of the Settlement by the April 18, 2025 deadline by returning a signed opt-out form to the Class Administrator. *Id.* at § 7. The notice informed the Class Members that those wishing to object to the settlement were required to file written objection with the Class Administrator by April 18, 2025. *Id.* § 8. Finally, the notice informed the Class Members that there would be an in-person hearing to decide whether the Settlement is fair, reasonable, and adequate before Judge Daniel D. Domenico on April 22, 2025 at 1:30 p.m. at 901 19th Street, Courtroom A1002, Denver, Colorado 80294. *Id.*

After the first Rule 23 notice mailing, the Administrator received 388 notice packets returned as undeliverable. Ex. 1, <u>Declaration of Jennifer Forst</u>, ¶ 12. Through skip tracing and Class Member and Counsel requests, the Administrator gathered new addresses for 162 of the returned packets and re-mailed the Rule 23 notice to the new addresses. *Id.* Accounting for both mailed and emailed Rule 23 notice packets, only 9 of the 1349 putative Class Members did not receive Rule 23 notice, for a delivery rate of 99.33%. *Id.* ¶ 13.

As set forth above, the notice plan as executed satisfied the due process requirements of Fed. R. Civ. P. 23(e) and the FLSA.[4] At the close of the notice period, just 2 of the 1349 putative Class Members opted-out of the Settlement and no Class Member objected to the Settlement.[5] *Id.* ¶¶ 15, 16.

**WHEREFORE**, for the reasons set forth herein, the parties respectfully request that the Court enter an Order as follows:

1. Granting this Joint Motion for Final Approval of Class and Collective Action Settlement;

2. Granting final certification of the FLSA collective action defined as: "All Los Dos Potrillos hourly employees from January 19, 2020 through April 8, 2024";

3. Granting final certification of the Fed. R. Civ. P. 23 Class Action defined as: "All Los Dos Potrillos hourly employees from January 19, 2017 through April 8, 2024";

---

[4] On October 25, 2024, the Class Administrator sent notice to federal and Colorado state officials in accordance with the Class Action Fairness Act ("CAFA"). Notification was sent via U.S Certified mail within ten (10) days of the Court's Order Granting Preliminary Approval. Ex. 1, <u>Declaration of Jennifer Forst</u>, ¶ 3.

[5] The deadline for Members to opt-out of or object to the Agreement is April 18, 2025. Should additional opt-outs or objections be received after the filing of this Motion and prior to the Final Fairness Hearing set for April 22, 2025, counsel will file a report to inform the Court thereof.

    4.    Granting the Settlement Agreement attached as Exhibit 1 to the parties' Joint Motion for Preliminary Approval of Collective and Class Action Settlement [ECF No. 57-1] final approval as fair and reasonable for the purposes of the Fair Labor Standards Act and of Fed. R. Civ. P. 23;

    5.    Ruling that the terms of the parties' Settlement Agreement are SO ORDERED;

    6.    Ruling that the action shall be DISMISSED WITH PREJUDICE; and

    7.    Ruling that the Court shall retain jurisdiction for the enforcement of the Settlement Agreement.

The parties submit herewith a Proposed Order effectuating the above.

Respectfully submitted this 4th day of April, 2025.

| | |
|---|---|
| *s/ Brandt Milstein* | *s/ Christian Gunneson* |
| MILSTEIN TURNER, PLLC | Freeman Mathis & Gary, LLP |
| 2400 Broadway, Suite B | 2502 N. Rocky Point Dr., Suite 550 |
| Boulder, CO 80304 | Tampa, FL 33607 |
| 303.440.8780 | 813.445.6351 |
| brandt@milsteinturner.com | Christian.Gunneson@fmglaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties entitled to notice.

*s/ Brandt Milstein*

10